## GEORGE BOICE *v.* THOMAS GIBBONS.

1. In an action on the statute, *Rev. Laws* 369, *sec.* 5, for conveying or assisting to convey away a slave, it is not necessary to aver in the declaration that the defendant " *has been* FOUND *guilty of conveying away* " such slave.

2. But it is necessary to aver that the defendant was *guilty* of conveying away such slave, and if this averment is omitted, the declaration will be bad on special demurrer.

3. It is not necessary to aver in the declaration that the defendant knew the slave to be the slave *of the plaintiff;* if he convey away a slave knowing him to be such, it is sufficient, although he may not know to whom he belongs.

4. It is not necessary to state in the declaration the names of the places from and to which the slave was carried away, nor the manner in which it was done.

5. It is not necessary to state in the declaration whom it was that the defendant assisted to convey away the slave.

*Hardenburgh* for plaintiff.

*Wood* and *Vanarsdale* for defendant.

This was an action of trespass on the case, brought by George Boice against Thomas Gibbons, (under the statute of New Jersey,) for conveying away and assisting to convey away the slave of the plaintiff. The declaration was in the following words, viz: " George Boice complains of Thomas Gibbons of a plea of trespass on the case, and for that, whereas by a certain act of the Legislature of the State of New Jersey, passed at Trenton, in the said State, on the fourteenth day of March, in the year of our Lord one thousand seven hundred and ninety-eight, entitled ' an act respecting slaves,' it was among other things enacted that if any person or persons should be found guilty of harboring, entertaining or concealing any slave, or conveying or assisting to convey away such slave, and if such slave should be lost, die or be otherwise destroyed, or should be disabled or rendered unserviceable, the person or persons so harboring, entertaining, concealing, conveying or assisting to convey away such slave, should be liable to pay the value of such slave to the owner or owners, to be recovered by action of debt, or trespass on the case, with costs of suit, in any court having cognizance thereof,' as by the said act relation being thereto had will fully appear; and the said George Boice says, that after the passing of said act,

viz, on the eighteenth day of April, in the year of our Lord one thousand eight hundred and twenty-four, at the township of Piscataway, viz., at New Brunswick, in the county of Middlesex, aforesaid, he the said George Boice was the owner of a negro man named Tom, aged about twenty-eight years, a slave, as of his own proper slave, of the value of four hundred dollars; nevertheless, the said Thomas Gibbons not regarding his duty nor the statute in such case made and provided, afterwards, viz., on the same day and year last aforesaid, viz., at New Brunswick, in the county aforesaid, wrongfully and illegally did convey away the said negro man Tom, the slave of the said George Boice, from and out of the State of New Jersey into the State New York, without the license or consent, and against the will of the said George Boice, whereby the said slave was lost and still is lost to the said George Boice, and whereby the said George Boice has sustained damages to the amount of four hundred dollars, contrary to the form of the statute in such case made and provided, at the township aforesaid, viz., at New Brunswick aforesaid, in the county aforesaid. And the said George Boice further says, that after the passing of the said act of the Legislature, viz., on the eighteenth day of April, in the year of our Lord one thousand eight hundred and twenty-four at the township of Piscataway aforesaid, viz., at New Brunswick aforesaid, in the county aforesaid, he the said George Boice was the owner of a certain other negro man named Tom, aged about twenty-eight years, a slave, as of his own proper slave, of the value of four hundred dollars; nevertheless, the said Thomas Gibbons, not regarding his duty nor the statute aforesaid in such case made and provided, afterwards, viz., on the same day and year aforesaid, at the township aforesaid, viz., at New Brunswick aforesaid, in the county aforesaid, wrongfully and illegally did assist to carry away the said last mentioned slave of the said George, from and out of the State of New Jersey, into the State of New York, without the license or consent, and

26

against the will of the said George, whereby the said slave was lost and still is lost to the said George, and whereby the said George has sustained damage to the value of four hundeed dollars, contrary to the form of the statute in such case made and provided, at the township aforesaid, viz., at New Brunswick aforesaid, in the county aforesaid ; to the damage of the said George of eight hundred dollars, and therefore he brings suit, &c. '

To this declaration the defendant demurred specially, and shewed to the court here the following causes of demurrer to the said declaration—That is to say,

*First*—That there is no averment that the defendant has been found guilty of conveying away or assisting to convey away the said negro man Tom, in the said declaration mentioned.

*Second*—That there is no averment that the said defendant was guilty of conveying away, or assisting to convey away the said negro man Tom from and out of the State of New Jersey.

*Third*—For that it is not alleged in the said declaration that the said defendant conveyed away or assisted to convey away the said negro Tom, contrary to the form of the statute.

*Fourth*—For that there is no allegation in the said declaration that the defendant at the time of the supposed grievances, knew the said negro man Tom to be the slave of the plaintiff.

*Fifth*—For that it is not stated in said declaration from what place in the State of New Jersey the said defendant conveyed away or assisted to convey away the said negro man Tom, and to what place in the State of New York the said defendant conveyed away or assisted to convey away the said negro man Tom.

*Sixth*—For that the manner in which the said defendant conveyed away or assisted to convey away the said negro, is not set forth.

*Seventh*—For that there is no certain and positive account of the value of said negro.

*Eighth*—For that there is no statement in said declaration of the defendant's liability to pay the value of the said negro man Tom, or that he has forfeited the value thereof, and for that the plaintiff does not claim and go for the value of the said negro man Tom.

*Ninth*—For that it is not alleged by the plaintiff in his said declaration, that the value of said negro is claimed by force of the statute.

*Tenth*—For that the said plaintiff claims his damage contrary to the form of the said statute, which cannot be so claimed, is repugnant and insensible.

*Eleventh*—For that in the second count of the said declaration, it is not alleged whom the said defendant assisted in conveying away the said negro.

And also for that the said declaration is in other respects informal, uncertain and insufficient—

To which there was a joinder in demurrer.

The opinion of the Court was delivered by

EWING, C. J.—We are called in this case to examine and decide several exceptions taken to the declaration by a special demurrer.

1. The first objection is that the declaration contains no averment that the defendant had been *found guilty* of conveying away or assisting to convey away the slave; and it was insisted, on the argument at the bar, that there must be a conviction, a finding guilty, of the person conveying away the slave, distinct from and prior to the action under the 5th section of the act respecting slaves, for the recovery of the value.

Neither in the language of the section, nor in the cases cited, do I find any support for this objection. The phrase in the statute "if any person shall be found guilty," &c., which is taken from an early provincial statute on the same subject (12 and 13 *Anne*, 1713-4—1 *Nevill* 23, *sec.* 12),

and not perhaps most happily or judiciously selected, is equipollent with the words, "if any person shall be guilty." The terms were designed to describe or designate the injury or offence, to express the facts or circumstances which should render a person amenable, and not to point out, control or limit the mode of prosecution. A subsequent clause of the same section aids to sustain this construction. The words "found guilty" are omitted, and "the person or persons so harboring, entertaining, concealing," &c., are declared liable to pay the value. If however a more strict and confined sense is due to the terms, there is nothing to forbid the person from being found guilty in and by the action of debt or trespass on the case, which may be brought under that section.

The cases cited at the bar do not shew the necessity of such previous distinct convictions. In *The King* v. *Rhodes*, 4 *D. & E.* 220, the defendant was discharged on *habeas corpus* from a commitment by a justice under the vagrant act, 17 *Geo.* 2 *ch.* 5, because it appeared from the commitment he had been *charged* only, not *convicted* as a vagrant, and being a commitment *in execution* there should have been a previous *conviction.* The case of *Thurtell* v. *The Hundred of Mutford*, 3 *East.* 400, only proves that where an act of Parliament, to entitle a party injured to sustain an action against the Hundred, requires him within a certain time after the injury, to make oath whether or not he knew the offenders, the making of such oath must be shewn in the declaration, and by proof of an oath not corresponding with the requirement, "he does not bring himself within the act so as to be entitled to his remedy against the Hundred." The case of *King* v. *The Hundred of Bishop's Sutton*, 2 *Str.* 1247, is to the same effect and proves nothing more. The case of *Rex* v. *Luckup*, 2 *Str.* 1048, loses all its supposed power to sustain the present objection by a recurrence to the statute on which it was founded. The report states that the defendant was convicted on an information upon the gaming act,

which enacts that the winner shall forfeit five times the value, to be recovered by a common informer, upon conviction, and the *K. B.* held all the judgment they could give was *quod convictus est*, and a new action must be brought, on that judgment, for the forfeiture. And doubtless they held rightly, for the gaming act 9 *Anne, ch.* 14, *sec.* 5, declares that "every person or persons so winning by such ill practice as aforesaid," &c., "and being convicted of any of the said offences, upon an indictment or information to be exhibited against him or them for that purpose, shall forfeit five times the value of the sum or sums of money or other thing so won as aforesaid, and such penalty to be recovered by such person or persons as shall sue for the same by such action *as aforesaid,*" referring to an action of debt mentioned and provided in a preceding section to be founded on that act, and "to be prosecuted in any of her majesty's courts of record." *Espinasse* in his treatise on penal actions says, page 10, "This case can however apply only *where the process is by information;* for if the proceeding was by action of debt, as the plaintiff would by his declaration demand that the defendant should render to him a certain sum; or to him and the king, or any other, and the judgment would be *quod recuperet,* process of execution as in other cases of judgment in debt could be supported; but as no such execution can go on a judgment of *quod convictus est,* the plaintiff therefore in the latter case is driven to his action on the judgment of conviction.

2. The second objection is, that there is no averment that the defendant was guilty of conveying or assisting to convey away the slave. To appreciate this objection, the section should be clearly understood, or in other words the nature of the act or conduct be known, which the legislature intended to subject to the recovery of the value of the slave. It consists not merely in conveying away or assisting to convey away; something more is contemplated; some farther ingredient is requisite. If nothing more were em-

braced within the view of the section, it might be, perhaps justly, obnoxious to the reproach which has been frequently mentioned, of subjecting to a recovery the man behind whose carriage when crossing the Delaware bridge a slave should mount, or in whose vessel he should conceal himself on a voyage to New York. To the fact of conveying away, the idea of guilt it superadded, " if any person shall be found guilty of conveying away," and this quality must therefore attach to the act or conduct in question, to bring it within the meaning of the statute. Guilt implies knowledge and intention. It may not be said that a man is guilty of an act which he neither knows nor intends—Religion, philosophy and law, equally forbid such a conclusion. To bring the defendant within the purview of the section in question he must have known the person to be a slave, and must have intended to carry him away. Such, I understand to have been the opinion and construction of the late Chief Justice and the Court of Appeals in the case of *Gibbons* v. *Morse.* The former in his charge to the jury which was the subject of review before the latter tribunal, and if erroneous would have induced a reversal of the judgment, said : " In the third place the defendant alleges in this defence that neither he nor his agents knew this man to be a slave. The answer to this is that in New Jersey, except in one or two cases of which this is not one, all black men in contemplation of the law are *prima facie* slaves and are to be dealt with as such. The color of the man was sufficient evidence that he was a slave until the contrary appeared." " In the fourth place, the defendant alleges in his defence that this man without the knowledge of himself or his hands by stealth entered into his boat and there concealed himself so that he was not or could not in the ordinary management of the boat be discovered or seen. If from the evidence you should find this allegation to be well founded I think the law is with the defendant and your verdict should be for him." It remains to be examined

Boice *v.* Gibbons.

whether the charge in the declaration corresponds with the statute. The counsel of the defendant on the argument admitted that the very words of a statute need not be used, but that words equivalent must be employed. Without expressing any opinion whether a strict adherence is indispensable, which, however, in general is to be commended and preferred, I think it clear that the words of the declaration " wrongfully and illegally did convey away the said negro man Tom, the slave of the said George Boice," are not of the same import and would not require the same proof as the language of the statute, " guilty of conveying away such slave." The essential quality or ingredient of knowledge or intention is not either directly or indirectly expressed with sufficient certainty.

It was said by the plaintiff's counsel the statute is remedial not penal. The position is sound. A statute which gives a remedy for an injury, against him by whom it is committed, to the person injured and to him alone, and limits the recovery to the mere amount of the loss sustained, belongs clearly to the class of remedial statutes. *Willes* 601 ; 2 *W. Blac.* 1226 ; *Doug.* 702, *note,* 705, 706 ; 2 *D. & E.* 154, 155, *note ;* 5 *Burr.* 2698 ; 1 *Bos. & Pul. N. S.* 179, 180 ; 3 *Saunders,* 376, *note* 7 ; 1 *Salk.* 206 ; *Coxe,* 168. But the rule which direct such statutes to be construed liberally, will not extend to cure a defect of the kind here in question ; the omission of an essential averment, made the subject of a demurer.

It was also said, the declaration before us is similar to that of *Morse* v. *Gibbons,* which received the sanction of the Court of Appeals. If that decision be in point, it is promptly admitted to be conclusive. But it must be observed we are here on a special demurrer ; there the objection was not made until a verdict had shed its sanatory influence over the declaration ; and it is seen by the report of the case, (2 *Halst.* 270), that this influence was among other things claimed by the counsel in support of the judgment.

A title defectively set out is cured by a verdict, but bad on demurrer. ·Defects, imperfections and omissions of sub-· stance and of form are in many cases saved by a verdict, which on demurrer would have been fatal. *T. Raym.* 487, *Cro. Car.* 497, *Doug.* 683, 7 *D. & E.* 522. In the case of *Collins* v. *Gibbs*, 2 *Burr.* 899, the right of action depended on the performance of a condition precedent, which was not averred, and the declaration was held by LORD MANSFIELD, to be safe after a verdict, but bad on demurrer. In an action for a malicious prosecution the want of averment that the prosecution is at an end is available on demurrer, but not after verdict, *Skinner* v. *Gunston*, 1 *Saunders* 228. The reason given for the difference is the presumption that the omission was supplied by proof on the trial; and it appears from the report of *Gibbons* v. *Morse*, that the jury were directed to find for the defendant, unless satisfied of the very matters alleged to have been in the present declaration omitted.

Notwithstanding the determination of that case then, the point now presented to us is entirely open.

3. The third objection, that the conveying away the slave is not charged to have been done against the form of the statute, is not sustained by the declaration. Without rely- ing on the recital of the statute, or the charge of "not regarding the statute in such case made and provided," the clause " contrary to the form of the statute in such case made and provided," is connected with the facts alleged to have been done by the defendant, possibly not in the most apt mode, or according to the best style of the special. pleader, but certainly so as to be readily understood, and without any violation of the rules of grammar.

´4. The fourth objection is, that there is no allegation the defendant knew the negro to be the slave of the plaintiff. Nor is it at all necessary such allegation should be made, or proved on the trial. The offence consists in conveying a slave—not in conveying away the slave of a particular citi-·

zen; and is complete as regards the defendant, if he convey away a slave, knowing him to be such, although he may not know to whom he belongs. The propriety of the slave serves to fix the person who may recover his value, but neither increases nor diminishes the misconduct of conveying him away.

The 5th and 6th objections admit of the same answer. It is sufficient in a case like the present, that the act alleged to have been committed be described in the language of the statute and the most strict rule requires the plaintiff to state such facts only as are necessary to shew the case to be within the statute. In describing the offence no greater specification is necessary, than is contained in the words of the statute. The argument drawn by the defendant's counsel by analogy from an indictment for larceny is against them. An indictment that the defendant did steal the goods and chattels of A. would not suffice; but that he did feloniously steal, take and carry away one gold watch would be sustained. In describing the article, precision is necessary. The offence may be described in the terms of the statute. In what manner he stole the articles need not be shewn nor the place from or to which he carried them.

The seventh objection is not supported by the declaration. "Of the value of $400," is a sufficiently certain and positive averment, and sufficiently connected with time and place, 2 *Chitt. Plead.* 285, 287.

The 8th and 9th causes of demurrer are fully answered by a recurrence to approved precedents, 2 *Chitty,* 285, *et seq.* 3 *Chitty,* 450, 465, *Lilly's Entr.* 46, 71, 74. Although the averments of the forfeiture, and of the liability of the defendant, and of the accrual of the action by force or means of the statute, are, sometimes the one, sometimes the other, and sometimes all used, where debt is the form of action adopted, 2 *Chitty,* 183, *et. seq.* 3 *Chitty,* 263, *et. seq. Lilly's Ent'r.* 75; yet neither of these averments is usual where the form of action is trespass on the case. The case of *Short* v. *Pruen,*

·cited from 6 *D. & E.* 163, is not in point. It was held insufficient to allege that the defendant was a collector of the rates and duties recited in a certain act of Parliament and necessary to aver specifically that he was the person appointed under and by virtue of that act; and even this requirement seems to have been induced by the peculiarities ·of that case.

The 10th cause of demurrer is not found in the declaration. The plaintiff does not claim damages against the form ·of the statute. The plaintiff alleges that the defendant conveyed away the slave without his consent, whereby he was lost and whereby the plaintiff sustained damages, &c. contrary to the form of the statute. The supposed repugnancy ·does not exist.

The eleventh objection is that there is no averment in the second count, whom the defendant assisted to convey ·away the slave. Neither the nature nor degree of the ·offence in any wise depends on the person who may have been for such purpose assisted. In some cases the assistance may be given to the slave himself. Ingenuity might suggest many other minute circumstances which if stated would aid the defence at least by limiting the proofs of the plaintiff and rendering variances more hazardous. The ·substantial cause of action is here shewn, in the language of the statute, and with as much detail as is required, it is believed, either by reason or precedent.

The second cause of demurrer is sustained. The others ·are declared to be insufficient.